IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael Lewis Moore, #259895 ) | |
| ) | Civil Action No. 8:08-2036-GRA-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SCDC Director Jon Ozmint, ) | |
| and Warden of Lieber ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court both for a ruling on the petitioner's motion for an extension and for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., filed on April 30, 2009. The petitioner originally filed this § 2254 petition on June 2, 2008. On October 27, 2008, the defendants moved for summary judgement. The petitioner responded on January 5, 2009. On April 30, 2009, the magistrate issued a Report and Recommendation recommending that this case be dismissed with prejudice. On June 3, 2009, this Court granted the petitioner an extension to file objections to the Report and Recommendation until June 18, 2009. On June 18, 2009, the petitioner again filed an motion for an extension.

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to

allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

As an introductory matter, this Court denies the petitioner's request for an extension. First, the petitioner has failed to show good cause as to why an extension should be granted instead asserting that he was unable to "respond within the allotted time because Petitioner has not been able, in a timely fashion, to review all the documents filed, prepare necessary copies, and gather information necessary to make proper objections." This fails to meet the standard of good cause shown. Additionally, the petitioner has already been granted one extension, and was advised in that order that his petition would be untimely if not filed by June 18, 2009. The petitioner's request for an extension is denied.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation

to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). The petitioner has failed to offer any timely objections.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

Wherefore, the Respondent's Motion for Summary Judgment is GRANTED; and the habeas petition DISMISSED with prejudice.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
June 25, 2009

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.